THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD COUSINS, | CASE NO. C17-1400-JCC |
| Petitioner, | ORDER |
| v. | |
| ELAINE DUKE, *et al.*, | |
| Respondents. | |

This matter comes before the Court on Petitioner Richard Cousins' 28 U.S.C. § 2241 Habeas Corpus Petition (Dkt. No. 1); Respondents' Motion to Dismiss (Dkt. No. 6); the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 15); and the parties' objections thereto (Dkt. Nos. 16, 18, 19). For the reasons described herein, the Court DECLINES to adopt the R&R and GRANTS Respondents' Motion to Dismiss (Dkt. No. 6).

**I.  BACKGROUND**

Cousins, a Jamaican citizen, petitions this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release from detention by the U.S. Department of Homeland Security ("DHS") pending completion of his removal proceedings. (Dkt. No. 1.) Since filing his petition, Cousins has been ordered removed by an Immigration Judge ("IJ"). (Dkt. No. 17-1 at 2.) Cousins' removal is currently stayed pending a Board of Immigration Appeals ("BIA") appeal of

the IJ's removal decision. (*See* Dkt. No. 17-2 at 2–4.) Cousins has been detained since October 1, 2015, pending removal. (Dkt. No. 15 at 3.) His lengthy detention results from multiple continuances Cousins requested in his removal proceeding. (*Id.* at 3–4.) During this time, Cousins received four detention hearings before an IJ. (*See* Dkt. Nos. 1-1, 1-3, 1-5, 1-7, 15 at 10.) The IJ denied bond in each instance, after finding that no amount of bond and/or alternative conditions could ensure his appearance. (*Id.*)

Following unsuccessful appeals to BIA of all but his last detention hearing, Cousins filed a petition for a Writ of Habeas Corpus with this Court. (Dkt. No. 1.) Judge Tsuchida recommends this Court deny DHS's motion to dismiss Cousins' petition and direct the IJ to order Cousins released on reasonable bond and/or alternative conditions pending completion of his removal proceeding. (Dkt. No. 15) Cousins and DHS both filed objections to Judge Tsuchida's R&R. (Dkt. Nos. 16, 18.) Judge's Tsuchida's recommendation was made before Cousins was ordered removed. (Dkt. No. 17-1 at 2.)

## II.     DISCUSSION

### A.     Legal Standard

Section 236(a) of the Immigration and Nationality Act provides DHS with discretionary authority to detain aliens pending removal. 8 U.S.C. § 1226(a). After DHS makes an initial detention determination, a detainee may request a detention redetermination hearing before an IJ. 8 C.F.R. §§ 236.1(d), 1236.1(c)(8). At that hearing, the detainee must demonstrate by clear and convincing evidence why release is warranted. *Id.* Release is warranted if the detainee is not a "threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). At issue in this case is whether Cousins is likely to abscond.[1] An IJ may look to a number of factors in determining that an

---

[1] The IJ consistently determined that Cousins is not a danger to the community or a national security threat, and neither party challenges this determination. (*See* Dkt. Nos. 1-1 at 2–3; 1-3 at 2–4; 1-5 at 5–7; 1-7 at 7–8; 15 at 10.)

individual pending removal proceedings is likely to abscond, including the person's "record of appearance in court" and his "criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Guerra*, 241 I. & N. at 40.

Additional detention hearings are required for every six months of continued detention. *Rodriguez v. Robbins*, 804 F.3d 1060, 1071 (9th Cir. 2015) ("*Rodriguez III*"). Similar factors apply in a *Rodriguez* hearing, except that the IJ must also consider the length of detention, and the burden shifts to DHS to demonstrate that continued detention is justified by clear and convincing evidence. *Id.* at 1089; *Singh v. Holder*, 638 F.3d 1196, 1203–09 (9th Cir. 2011). A detainee may appeal the IJ's determination to BIA. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). If the detainee is dissatisfied with BIA's review, the detainee may then file a habeas petition with the district court, but the court's jurisdiction is limited to constitutional claims and legal error. 8 U.S.C. § 1226(e); *Singh*, 638 F.3d at 1200.[2]

### B. Cousins' Habeas Petition

Cousins' habeas petition alleges the following: (1) As a matter of law, DHS failed to present clear and convincing evidence to justify Cousins' continued detention, (2) the IJ erred in failing to make an individualized determination as to an appropriate bond amount or alternative conditions to ensure Cousins' appearance, (3) the IJ failed to consider the growing length of Cousins' detention, and (4) the IJ erred in how he weighed the evidence put before him. (Dkt. No. 1 at 15–17.)

Judge Tsuchida recommends that this Court find, as a matter of law, that denial of bond in Cousins' case is not supported by clear and convincing evidence. (Dkt. No. 15 at 18–20.) Judge Tsuchida further recommends this Court dismiss Cousins' remaining claims, noting that the final claim goes beyond the jurisdiction of this Court, and the remaining claims are meritless.

---

[2] Cousins did not appeal his final *Rodriguez* hearing to BIA, but as described by Judge Tsuchida in his R&R, this is not a jurisdictional bar to this Court's review of Cousins' habeas petition, as any exhaustion requirement is prudential and the relevant factors support waiving the requirement in this instance. (*See* Dkt. No. 15 at 14–15.)

(*Id*. at 17–18, 20–22.) This Court must conduct a *de novo* review of the portions of Judge Tsuchida's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's report as required under Federal Rule of Civil Procedure 72(b)(2). Here, both parties filed written objections. DHS objects to Judge Tsuchida's recommendation that, as a matter of law, it failed to present clear and convincing evidence justifying continued detention. (Dkt. No. 16 at 3–9.) Cousins also objects, alleging Judge Tsuchida erred in finding his remaining claims to be meritless. (Dkt. No. 18 at 2–8.) As described below, this Court finds DHS's objection meritorious and Cousins's objections without merit.

1. <u>Cousins' Detention is Permissible as a Matter of Law</u>

Throughout Cousins' detention hearings, DHS primarily relied on the following evidence to support its position that Cousins is a sufficient flight risk to allow for continued detention: Cousins' extensive criminal history and the nature of some of his crimes, his failure to appear in a 1991 criminal matter, and his risk of flight due to his limited forms of relief from removal. (Dkt. Nos. 1-1 at 2–3; 1-3 at 2–4; 1-5 at 5–7; 1-7 at 7–8; 15 at 10.) Based on the totality of evidence presented, the IJ found that Cousins represented a sufficient flight risk to warrant continued detention. (*Id*.) Cousins flight risk has since increased, as he has now been ordered removed. (Dkt. No. 17-1 at 2.)

Cousins entered the United States on a six-month visa in 1978 at the age of fourteen and has remained permanently in the United States since 1985. (Dkt. No. 15 at 2.) He has spent more than half of that time in prison. (Dkt. No. 1-5 at 6.) While the majority of his crimes were drug-related, he was convicted in August 2008 of theft and in October 2008 of identity theft and fraudulent use of a credit card. (Dkt. No. 15 at 3.) In ordering Cousins removed, the IJ recently determined that Cousins' criminal history makes him ineligible for asylum, or relief under the Convention Against Torture. (Dkt. No. 17-1 at 2.) The IJ previously noted, during Cousins' detention hearings, that Cousins' criminal history makes the prospects of his U visa application

uncertain, as he requires a waiver. (Dkt. Nos. 1-1 at 2–3; 1-3 at 2–4; 1-5 at 5–7; 1-7 at 7–8; 15 at 10.) As a result, the IJ found his relief from removal to be unlikely (and has since ordered him removed). (*Id.*) While likelihood of relief from removal is not dispositive, it is relevant. *Singh*, 638 F.3d at 1206. The IJ considered this evidence, along with some of the *Guerra* factors—Cousins' extensive criminal history, the nature of his crimes, and his prior failure to appear—and concluded that DHS presented clear and convincing evidence justifying continued detention. (Dkt. Nos. 1-1 at 2–3; 1-3 at 2–4; 1-5 at 5–7; 1-7 at 7–8; 15 at 10.)

It is not for this Court to determine whether DHS's evidence, in total, is clear and convincing. That determination is for the Immigration Court to make, on behalf of the Attorney General. 8 U.S.C. § 1226(e); *see Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) ("[A] petitioner may not create the jurisdiction that Congress chose to remove [from the district court] simply by cloaking an abuse of discretion argument in constitutional garb.") This Court may only reverse the Immigration Court if it finds the Immigration Court's discretionary process to be constitutionally flawed. *Singh*, 638 F.3d at 1202. Cousins fails to present sufficient evidence for this Court to reach that finding. Nor does this Court find Cousins' lengthy detention impermissibly indefinite. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (three year civil detention during administrative and judicial review of removal is not impermissibly indefinite).

Therefore, DHS's objection to Judge Tsuchida's R&R is SUSTAINED.

2. The Immigration Court Made the Required Individualized Determination

Cousins alleges that his continued detention is impermissible because the IJ failed to find "'such detention individually necessary.'" (Dkt. No. 18 at 3) (quoting *Casas-Castrillon v. Dept. of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008)). Cousins argues because the IJ determined that he was not a danger to property or persons, the IJ was *required* to consider the amount of bond necessary to ensure his presence at further proceedings. (Dkt. No. 18 at 4.) This Court disagrees. Cousins is only entitled to a bond determination if DHS fails to provide clear and

convincing evidence that continued detention is justified. *See supra* section II.B.1. Here, the IJ determined that DHS provided such evidence. (*See* Dkt. No 1-5 at 5–7) (concluding that based on the evidence presented, "no bond would be sufficient to ensure [Cousins] presence at future hearings."). This finding satisfies constitutional requirements. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

Therefore, this objection by Cousins to Judge Tsuchida's R&R is DISMISSED.

### 3. The Immigration Court Properly Considered the Length of Detention

Cousins also alleges that DHS must submit more evidence than it did at the last *Rodriguez* hearing to justify his continued detention. (Dkt. No. 18 at 5.) Because DHS failed to do so, Cousins asserts his detention proceeding was constitutionally inadequate. (*Id*.) (citing *Diouf v. Napolitano*, 634 F.3d 1081, 1086 (9th Cir. 2011)). As the period of detention grows, a detainee is "entitled to greater solicitude." *Rodriguez III*, 804 F.3d at 1089. But DHS's burden need not change. Rather, the IJ "must [additionally] consider the length of time for which a non-citizen has already been detained." *Id*. Here, the IJ did so. (*See* Dkt. No. 7-3 at 15–21). Yet the IJ still concluded that DHS met its burden. (*Id*.) Furthermore, there is no indication that the IJ improperly considered the fact that Cousins' requested continuances contributed to his prolonged detention. (*See* Dkt. No. 1-5 at 3–7) (IJ's written decision on second *Rodriguez* hearing[3]). The Court finds no evidence that the IJ failed to properly consider the length of Cousins' detention.

Therefore, this objection by Cousins to Judge Tsuchida's R&R is DISMISSED.

### 4. This Court May Not Weigh the Evidence Put Before the Immigration Court

Finally, Cousins asks this Court to reweigh the evidence put before the IJ. (Dkt. No. 18 at 6–8.) As Judge Tsuchida aptly discussed, and as discussed above, this is a line this Court cannot cross. (Dkt. No. 15 at 17–18); *see supra* section II.B.1. While a district court may review *Rodriguez* determinations for legal error, an IJ's discretionary determination to deny bond is not subject to judicial review. *Singh*, 638 F.3d at 1200; 8 U.S.C. § 1226(e). Therefore, this objection

---

[3] A written decision is not available for Cousins' third *Rodriguez* hearing.

by Cousins to Judge Tsuchida's R&R is DISMISSED.

### III. CONCLUSION

For the foregoing reasons, the Court DECLINES to adopt Judge Tsuchida's R&R (Dkt. No. 15), GRANTS Respondents' Motion to Dismiss (Dkt. No. 6), and DISMISSES Cousins' 28 U.S.C. § 2241 Habeas Corpus Petition (Dkt. No. 1).

DATED this 16th day of February 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE